UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **K'RIBBE GABRIEL PERRYMAN,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 2:23-cv-00327-RDP |
| **PREMIER CAJUN KING, LLC, et al.,** | } |
| **Defendants.** | } |

## MEMORANDUM OPINION

This case is before the court on Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and Appoint Counsel (Doc. # 2), the Suggestion of Bankruptcy filed as to Defendant Premier Cajun King, LLC (Doc. # 4), and the court's *sua sponte* review of Plaintiff's Complaint. (Doc. # 1). For the reasons discussed below, Plaintiff's Motion (Doc. # 2) is due to be denied without prejudice, and this action is due to be dismissed without prejudice.

**I.      Background**

Plaintiff, who is proceeding *pro se*, brings employment discrimination claims against Defendants Premier Cajun King, LLC ("Premier"), Popeye's Louisiana Kitchen ("Popeye's"), and Mike Alwine. (Doc. # 1). Plaintiff alleges violations of Title VII, the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Americans with Disabilities Act of 1990 ("ADA"). (*Id.* at 3-4).

Plaintiff's claims arise out of his prior employment as General Manager of a Popeye's Louisiana Kitchen restaurant in Birmingham, Alabama. (*Id.* at 8). He alleges that he experienced mistreatment because of his "race, age, disability, and identity as LGBTQ." (*Id.*). He claims that

he reported the alleged mistreatment to two Premier supervisors, but instead of addressing his concerns, Premier terminated his employment without cause. (*Id.*). Defendant Alwine was Plaintiff's supervisor when he worked at the restaurant and was the person who terminated Plaintiff's employment. (*Id.*).

Although it appears from the Complaint that Premier was likely a franchisee of Popeye's, Plaintiff does not allege facts that explain the relationship between Premier and Popeye's other than stating that "Burger King owns Popeye's and Premier Kings, Inc., does business as Burger King." (*Id.*).

On March 16, 2023, Premier filed a Suggestion of Bankruptcy, advising that Premier filed a voluntary bankruptcy petition under Chapter 11 in the U.S. Bankruptcy Court for the Northern District of Alabama, Case No. 23-00656-DSC-11. (Doc. # 4).

## II.  Legal Standard

Title 28 U.S.C. § 1915(e)(2) requires a federal court to dismiss an action filed by a plaintiff proceeding *in forma pauperis* if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary damages from a defendant who is immune from such relief. The purpose of section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A dismissal pursuant to section 1915(e)(2) may be issued *sua sponte* by the court prior to the issuance of process so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints. *Id*.

Dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted is governed by the same standard as dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). As such, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[ ] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

The court recognizes that Plaintiff is appearing *pro se*, that filings by *pro se* litigants are to be more leniently construed, and that such litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). However, notions of leniency do not excuse a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998). Nor does this leniency require or allow courts "to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Furthermore, a district court is not required to grant leave to amend when an amendment would prove futile. *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th

Cir. 2020) ("Leave to amend would be futile if an amended complaint would still fail at the motion-to-dismiss or summary-judgment stage.") (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

**III.     Analysis**

   **A.     Plaintiff's claims against Premier are due to be dismissed in light of the pending bankruptcy proceedings.**

On March 16, 2023, Premier filed a Suggestion of Bankruptcy, advising that Premier filed a voluntary bankruptcy petition under Chapter 11 in the U.S. Bankruptcy Court for the Northern District of Alabama, Case No. 23-00656-DSC-11. (Doc. # 4). The filing of bankruptcy by Premier operates as a stay of these proceedings against Premier pursuant to 11 U.S.C. § 362.

Therefore, Plaintiff's claims against Defendant Premier Cajun King, LLC are due to be dismissed without prejudice to the right of Plaintiff to petition to reinstate this action to pursue any claim embraced herein not adjudicated in, or discharged by, the proceedings in the Bankruptcy Court. Such reinstatement, when allowed, will cause the filing date of any claim so reinstated to relate back to the original filing date of this action.

   **B.     Plaintiff's claims against Popeye's are due to be dismissed for failure to state a claim.**

Generally, to bring an employment discrimination claim under Title VII, the ADEA, or the ADA, a plaintiff must plead sufficient facts showing that a defendant was his employer or prospective employer. *See MackMuhammad v. Cagle's Inc*, 379 F. App'x 801, 804 (11th Cir. 2010) ("[R]elief under Title VII is available against only the employer[.]") (citation omitted); *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) ("[T]he ADEA limits civil liability to the employer.") (citation omitted); *Udoinyion v. The Guardian Security*, 440 F. App'x 731, 734 (11th

Cir. 2011) ("[B]oth Title VII and the ADA require that suits be brought only against employer-entities, not persons in their individual capacities.").

An entity is not considered an employer in the employment discrimination context unless it exercised control over the adverse employment decision on which the suit is based. *See Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1244-45 (11th Cir. 1998) (explaining that the determination of whether an entity is an "employer" under Title VII "concentrate[s] on the degree of control an entity has over the adverse employment decision on which the Title VII suit is based"); *see also Brown v. Fred's, Inc.*, 494 F.3d 736, 739 (8th Cir. 2007) (noting the "strong presumption that a parent company is not the employer of its subsidiary's employees") (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1362 (10th Cir. 1993); *Johnson v. Flowers Indus. Inc.*, 814 F.2d 978, 981 (4th Cir. 1987)). Thus, absent special circumstances, a parent company is not liable for discrimination by its subsidiary, nor is a franchisor presumed liable for actions of a franchisee. *See Llampallas*, 163 F.3d at 1244-45; *Brown*, 494 F.3d at 739.

The nature of the relationship between Popeye's and Premier is not entirely clear from Plaintiff's Complaint. Plaintiff does not specify whether Popeye's and Premier are a parent and subsidiary, franchisor and franchisee, or something different. But, in any event, Plaintiff makes no factual allegations showing that Popeye's was his employer or that Popeye's was involved in any of the decisions he complains about. (Doc. # 1).

Therefore, Plaintiff's claims against Popeye's are due to be dismissed without prejudice. If Plaintiff wishes to revive his claims against Popeye's, he may do so by filing a motion to reconsider along with an amended complaint within thirty (30) days. The amended complaint must plausibly allege facts showing that Popeye's was his employer and/or that Popeye's exercised control over the alleged discrimination against Plaintiff.

If Plaintiff chooses to file an amended complaint, he may renew his motion for leave to proceed *in forma pauperis* at that time.[1]

### C. Plaintiff's claims against Defendant Alwine are due to be dismissed because Title VII, the ADEA, and the ADA do not permit individual liability.

Neither Title VII, the ADEA, nor the ADA permit individual liability in employment discrimination cases, as relief is available against the employer only. *Hinson v. Clinch Cnty., Ga. Bd. of Edu.*, 231 F.3d 821, 827 (11th Cir. 2000) ("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act.") (citation omitted); *Smith*, 45 F.3d at 403 n.4 (individuals "cannot be held liable under the ADEA or Title VII"); *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007) (noting that "individual liability is precluded for violations of the ADA's employment discrimination provision").

Therefore, Plaintiff's claims against individual Defendant Mike Alwine are due to be dismissed with prejudice.

## IV. Conclusion

For the reasons explained above, after careful review, this action is due to be dismissed because (1) Defendant Premier filed for bankruptcy under Chapter 11 and triggered the § 362 automatic stay; (2) Plaintiff failed to plausibly allege that Popeye's was his employer; and (3) Mike Alwine is not a proper Defendant under Title VII, the ADEA, or the ADA.

If Plaintiff intends to pursue his claims against Popeye's, he must file a motion to reconsider along with an amended complaint within thirty (30) days. The amended complaint must

---

[1] While Plaintiff may renew his request for leave to proceed *in forma pauperis*, he is not entitled to appointed counsel. "A plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). It is within the court's discretion to appoint counsel for civil plaintiffs unable to retain an attorney on their own, but appointment is appropriate "only in exceptional circumstances." *Id*. These exceptional circumstances exist "where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). Those exceptional circumstances are not present in this case, and therefore, Plaintiff is not entitled to appointed counsel.

plausibly allege that Popeye's was his employer and also allege facts that support any claim he asserts against Popeye's.

Accordingly, Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* and Appoint Counsel (Doc. # 2) is due to be denied without prejudice. If Plaintiff elects to file an amended complaint, he may re-file the motion to proceed *in forma pauperis* at that time. A corresponding Order will be entered.

**DONE** and **ORDERED** this April 10, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE